# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALAN WAYNE HURLBUT,            )
                               )
        Plaintiff,     )
                               )
                               )
v.                             )   Case No. 06-1147-WEB
                               )
                               )
JO ANNE B. BARNHART,            )
COMMISSIONER OF THE SOCIAL SECURITY  )
ADMINISTRATION                 )
                               )
        Defendant.     )

## **MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* action after receiving a letter from the Social Security Administration stating that his retirement benefits had been suspended due to the existence of outstanding felony warrants against him. According to the complaint, the letter said the suspension was authorized by the Social Security Protection Act of 2004. Plaintiff alleges that he was approved for Social Security retirement benefits in 2002, and he argues that application of the 2004 Act is "an ex post facto law as applied to my case." (Doc. 1 at 3). The complaint alleges that jurisdiction exists in this court because the claim arises under the Constitution of the United States -- in other words, plaintiff asserts "federal question" jurisdiction under 28 U.S.C. § 1331.

On August 10, 2006, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 10 & 11). Plaintiff filed a response to Defendant's motion to dismiss on August 28, 2006. (Doc. 12). Defendant filed a reply on September 20, 2006. (Doc. 14). Accordingly, the case is now before the court on

1

Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1).

Defendant's motion to dismiss argues that the court lacks subject matter jurisdiction because plaintiff has not exhausted all of his administrative remedies. Plaintiff apparently does not dispute that he has not exhausted administrative remedies, but argues this is immaterial because his suit challenges the constitutionality of the SSA enforcement policy. Specifically, he argues that "by using a regulation that did not, by statute, become law until January 2005 to stop retirement benefits that rightfully began in November 2002, they are violating the Constitutional ban on *ex post facto* laws." (Doc. 12 at 3). Plaintiff has also filed a memorandum alleging that now he "has received official notice" from the Umatilla County District Court in Oregon that the underlying felony warrants giving rise to the suspension have been withdrawn, but "I have been informed by a SSA representative that the SSA intends to treat these dismissals as a new event," which according to plaintiff means "that I will be denied payment for benefit periods missed and will be held responsible for repayment of approximately $9400 in alleged overpayments." (Doc. 13 at 1).

I. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Jurisdiction to hear an Administrative Proceeding under 42 U.S.C. §405(g)*

Pursuant to 42 U.S.C. § 405(g), individuals may seek judicial review of a final agency decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Further under 42 U.S.C. §405(h):

> The findings and decision of the Commissioner of Social Security

2

> after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

As indicated by § 405(g), the court's jurisdiction to review a decision by the Commissioner is limited to a "final decision" of the agency "made after a hearing." This ordinarily means a party must exhaust all administrative remedies before he may file a case in the United States District Court. *Weinberger v. Salfi*, 422 U.S. 749 (1975). *See also Sims v. Apfel*, 530 U.S. 103, 106 (2000) (if claimant fails to request a review by the Appeals Council, then there can be no judicial review of the case) *(quoting Bowen v. City of New York*, 476 U.S. 467, 482-483 (1986)).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a Defendant can file a motion to dismiss the action for lack of subject matter jurisdiction. The Tenth Circuit has held that the plaintiff bears the burden of showing the grounds for a waiver of the exhaustion requirement. *Harlin v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998). See *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986).

In *Weinberger v. Salfi*, 422 U.S. 749 (1975), the Supreme Court held that the third sentence of § 405(h) precludes federal-question jurisdiction in an action challenging denial of claimed benefits under Title II.[1] The only avenue for judicial review on such a claim is through § 405(g),

---

[1] The *Salfi* Court rejected an argument that the court nevertheless had jurisdiction because the case arose under the Constitution rather than under Title II: "The argument is that the present action arises under the Constitution and not under Title II. It would, of course, be fruitless to contend that appellees' claim is one which does not arise under the Constitution, since their constitutional arguments are critical to their complaint. But it is just as fruitless to argue that this action does not also arise under the Social Security Act. For not only is it Social

which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite. *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). The *Salfi* Court noted that the Act gives the Commissioner discretion to waive the exhaustion requirement, *Salfi*, 422 U.S. at 766, but the Commissioner clearly has not waived the exhaustion requirement in the instant case.

In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court found that an agency's waiver of the exhaustion requirement may, in the court's discretion, be deemed improperly withheld where the plaintiff's interest in prompt resolution is so great that deference to the agency's judgment on the utility of exhaustion is inappropriate. *Eldridge*, 424 U.S. at 330. This is so where (1) the plaintiff asserts a colorable constitutional claim that is collateral to the substantive issues of the administrative proceedings, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile. *Id*. at 330-32. See *also Koerpel v. Heckler*, 797 F.2d 858 (10th Cir. 1986) *(quoting Mathews* at 328). To determine whether a claim is "colorable," the court must examine the merits. Claims for want of jurisdiction that are "wholly insubstantial and frivolous" and "immaterial and made solely for the purpose of obtaining jurisdiction" are usually dismissed. *Bell v. Hood*, 327

---

Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presentation of their constitutional contentions. Appellees sought, and the District Court granted, a judgment directing the Secretary to pay Social Security benefits. To contend that such an action does not arise under the Act whose benefits are sought is to ignore both the language and the substance of the complaint and judgment. This being so, the third sentence of § 405(h) precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional contentions."

The Court explained that this does not preclude the bringing of a constitutional challenge, but simply requires "that they be brought under jurisdictional grants contained in the Act, and thus in conformity with the same standards which are applicable to nonconstitutional claims arising under the Act. The result is not only of unquestionable constitutionality, but it is also manifestly reasonable, since it assures the Secretary the opportunity prior to constitutional litigation to ascertain, for example, that the particular claims involved are neither invalid for other reasons nor allowable under other provisions of the Social Security Act."

U.S. 678, 682-83 (1946). The Supreme Court has said that "dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003 (1998) (*quoting Oneida v. Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). *See also Levering v. Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) (jurisdiction will not be obtained where the claim is on its face unsubstantial). As defendant points out, application of the *Ex Post Facto* clauses of the Constitution is limited to laws that are criminal or penal in nature, and the courts have uniformly rejected constitutional arguments similar to those advanced here, including claims by prisoners that a suspension of their benefits was penal in nature or a violation of the *Ex Post Facto* clauses. *See Jensen v. Heckler*, 766 F.2d 383, 385-86 (8th Cir.1985) (suspension of benefits to prisoners does not violate Due Process, Equal Protection, or Ex Post Facto Clauses; the suspension of a noncontractual benefit cannot be considered a punishment.); *Washington v. Secretary of Health and Human Services*, 718 F.2d 608 (3rd Cir.1983); *Davis v. Bowen*, 825 F.2d 799, 801 (4th Cir.1987); *Caldwell v. Heckler*, 819 F.2d 133, 134 (6th Cir.1987); *Butler v. Apfel*, 144 F.3d 622 (9th Cir. 1998); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152, 1155 (10th Cir.1985); *Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir.1986); *Zipkin v. Heckler*, 790 F.2d 16, 19 (2d Cir.1986). Given this substantial and clear line of precedent, plaintiff's claim of an *ex post facto* violation is not colorable.

Even aside from this factor, however, the balance of factors weighs in favor of exhaustion of administrative remedies. As noted above, plaintiff has filed a memorandum asserting that the felony warrants which caused the suspension of benefits have now been withdrawn. But there is no

5

allegation that the defendant has had an opportunity to review such proof or to issue a final decision as to the effect the alleged withdrawal would have upon plaintiff's claim for benefits. Plaintiff merely alleges that "a SSA representative" informed him the SSA "intends to treat these dismissals as a new event." (Doc. 13 at 1). A statement of intent by some unnamed representative is not a sufficient basis upon which to review plaintiff's constitutional claim. Plaintiff must submit his proof to the agency and allow it to issue a ruling before the scope of the current controversy can even be determined. The court will not endeavor to issue constitutional pronouncements where the basic facts of the claim are unclear or have not been developed. As noted in *Salfi*, the exhaustion requirement prevents premature interference with agency processes, allows agencies an opportunity to correct their own errors, affords the parties and reviewing courts the benefit of their experience and expertise, and allows compilation of a record which is adequate for judicial review. *See Salfi*, 422 U.S. at 765. The factors in this case weigh in favor of requiring exhaustion of administrative remedies.

II. *Conclusion*.

Because Plaintiff has failed to exhaust his administrative remedies and has not otherwise satisfied his burden of establishing jurisdiction, the Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 10) is GRANTED. Plaintiff's Motion Seeking Protection Against Warrant or Extradition (Doc. 5) and Motion for Injunction Against Extradition (Doc. 6) are DENIED.

The action is hereby DISMISSED without prejudice for lack of jurisdiction. The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED this 20th Day of December, 2006 at Wichita, Ks.

                                                      s/Wesley E. Brown
                                                     Wesley E. Brown
                                                     U.S. Senior District Judge